UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORMA U.S. HOLDING LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:24-cv-13373 |
| | ) | |
| vs. | ) | Hon. Jonathan J.C. Grey |
| | ) | |
| LIAOCHENG EVERLAST AUTO PARTS CO., LTD | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF No. 4)**

**I. INTRODUCTION**

This matter comes before the Court on plaintiff Norma U.S. Holding LLC's ("Norma") motion for ex parte temporary restraining order and preliminary injunction against defendant Liaocheng Everlast Auto Parts Co., Ltd. ("Liaocheng"). (ECF No. 4.) After consideration of the record and for the reasons that follow, otherwise fully being advised in the premises, and pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65 the Court **GRANTS** Norma's motion for temporary restraining order.

## II. LEGAL STANDARD

Rule 65(b) allows a court to issue a temporary restraining order without notice to the adverse party, only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

To prevail on its motion for ex parte temporary restraining order, Norma must show that (1) it has a reasonable likelihood of success on the merits, (2) the irreparable harm that it will suffer if preliminary relief is not granted, (3) the balance of the hardships tipping in its favor, and (4) the adverse impact on public interest. *See, e.g, Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005), and *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 847; 89 U.S.P.Q.2d 1085 (Fed. Cir. 2008).[1] In patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of

1

equity." *ebay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 394 (2006). Courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id. at 392* (quoting 35 U.S.C. § 283).

### III. ANALYSIS

The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States set forth in Title 35 of the United States Code. The Court has personal jurisdiction over Liaocheng because Liaocheng directly targets business activities toward consumers in the United States, including Michigan through, at least, its interactive website. Liaocheng has committed acts of patent infringement giving rise to the cause of action raised by this Complaint in Michigan and in this judicial district.

### A. Likelihood of Success on the Merits

Without consent or authority from Norma, Liaocheng allegedly is offering for sale, selling, and/or importing into the United States a pipe clamp known as 30107006 Detroit DPF Clamp A6809950302. See https://www.everlastparts.com/detroit-clamp/30107006-detroit-dpf-

clamp-a6809950302.html. Norma has neither consented to nor authorized Liaocheng to make, use, sell, offer for sale, or import into the U.S. any product covered by the '539 patent.

Norma asserts that Liaocheng's 30107006 Detroit DPF Clamp A6809950302 clamp literally infringes at least claim 1 of the '539 patent. Infringement is a two-step analysis, where the first step requires construing the claim, and the second step compares the properly construed claim with the accused device. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd* 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). Claim terms are given their ordinary and customary meaning as to a person having ordinary skill in the art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–1313 (Fed. Cir. 2005).

Where, as here, the ordinary meaning of claim language will be readily apparent from the words of the claim. Claim construction "in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id*. at 1314. As acknowledged by *Constructive Designs, LLC v. Pepsi-Cola Co.*, Case No. LA CV12-02765, 2013 WL 12139423 (C.D. CA March 13, 2013), when the ordinary

3

meaning of words is unambiguous, a claim construction is not required. *Id.* at *8.

Claim 1 of the '539 Patent recites:

> A pipe clamp for connecting two tubular bodies, comprising:
>
> a band extending circumferentially and continuously from a first end to a second end and having a pair of axial ends, said band including a radially protruding rib located inwardly of said axial ends and extending continuously at least part way between said first and second ends, wherein said first and second ends of said band comprise radially extending flanges;
>
> a tightening mechanism connected to said flanges to draw said first and second ends toward and away from each other for tightening and loosening of said band;
>
> a split sleeve disposed within said band and located at least within said rib such that, when tightened, said band compresses said sleeve via direct contact between a radially inward surface of said rib and an outer surface of said sleeve, said split sleeve extending circumferentially from a first mating end to a second mating end; and
>
> a gasket disposed radially within said sleeve such that said gasket is located at least partially within said rib.

The Court finds that the ordinary meanings of the words are unambiguous and for purposes of this Order construes them in accordance with their plain and ordinary meaning. The Court also finds

4

that Norma has presented substantial evidence that Liaocheng's 30107006 Detroit DPF Clamp A6809950302 embodies each of the limitations of claim 1 of the '539 patent and appears to literally infringe the same.

Next, the Court notes that, as a patent issued by the United States Patent and Trademark Office, the '539 Patent is presumed valid under 35 U.S.C. § 282. *See, e.g., Eyeticket Corp. v. Unisys Corp.*, 155 Supp. 2d 527, 541 (E.D. Va. 2001) ("As to validity, the Plaintiff notes that patents are presumed valid under 35 U.S.C. § 282). As a result of this presumption, Norma has satisfied its obligation to show that the '539 Patent is not likely invalid. Further, by showing both infringement and that the '539 patent is not invalid, the Court finds that Norma is likely to succeed on the merits of its assertion of infringement of at least one claim of the '539 patent.

### B. Irreparable Harm

The Court finds that Liaocheng's continued infringement of the '539 Patent is likely to cause immediate and irreparable harm to Norma by: (1) preventing Norma from exercising market exclusivity; (b) eroding the

5

price that Norma can charge for its patented pipe clamps, (c) causing Norma to lose significant sales, thereby decreasing Norma's market share.

### C. Relative Hardship of the Parties

As set forth above, Norma has alleged and offered evidence that its market has been shrinking and will continue to shrink in view of Liaocheng's infringement. The absence of a TRO would further impose hardship on Norma and cause it to compete against its own patented invention. Liaocheng will not suffer much hardship, if any, as Liaocheng cannot establish hardship based on the sale of an infringing product. See e.g. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011). ("A party cannot escape an injunction simply because it is smaller than the patentee or because its primary product is an infringing one.")

### D. Impact on the Public

The public has a general interest in upholding patent rights. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010), *aff'd*,

6

564 U.S. 91, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011). The Court finds that a narrowly tailored TRO is not likely impact the public.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Norma's ex parte motion for temporary restraining order (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Defendant Liaocheng Everlast Auto Parts Co., Ltd., its agents, servants, employees, attorneys, and those persons in active concert or participation with it, who receive actual notice of this Order, are immediately enjoined from, making, using, offering for sale, selling, and importing pipe clamps having the configuration of Liaocheng's 30107006 Detroit DPF Clamp A6809950302 or any product not colorably different therefrom.

2. Pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(c), Plaintiff shall post a bond in the amount of Fifty Thousand U.S. Dollars ($50,000), as payment of damages to which Liaocheng may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

3. Norma shall attempt to notify Liaocheng of the issuance of this Order by sending it via email to info@everlastparts.com and via overnight courier to 6701 Yunchuang Center, Guangyue Road, Liancheng, Sahandong Province, China 25200.

4. A hearing shall be set at which time Liaocheng and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same, at which time the Court will hear argument on Norma's requested preliminary injunction.

**SO ORDERED**:

Date: December 27, 2024
        2:40 p.m.

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email on the Notice of Electronic Filing on December 27, 2024

**s/A. Chubb for S. Osorio**
Sandra Osorio
Case Manager
